IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 FEB 16 P 12: 22

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| KANESHA JOHNSON, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § CIVIL CASE NO. CV-2006- 2:06CV143-WKW |
| | § |
| | § JURY DEMAND |
| HEALTHSOUTH REHABILITATION AND JORGE NICHOLS, | § |
| | § |
| Defendant. | § |

## COMPLAINT

### I. JURISDICTION

1.  The Plaintiff, Kanesha Johnson, files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331, 2201 and 2202 as an action arising under the Act of Congress known as Title VII of the <u>Civil Rights Act of 1964</u>, as amended, and the 1991 Civil Rights Act, to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and an award of back pay and other damages suffered by Ms. Johnson due to the Defendant's discrimination against Ms. Johnson in her employment due to her female sex and its retaliation against her. This Court is asked to exercise pendent jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2.  Ms. Johnson avers that she has pursued and exhausted her administrative remedies. In particular, Ms. Johnson filed a charge of sex discrimination, sexual harassment and retaliation with the EEOC's Birmingham Office on October 14, 2004. A right-to-sue letter was issued on or about November 21, 2005.

3.  Venue is proper in the Middle District of Alabama, since the cause of action of Ms. Johnson arose in Montgomery County of the Middle District of Alabama and the Defendant

HealthSouth Rehabilitation was doing business in Montgomery, Alabama during the time period made the subject matter of this Complaint.

## II. PARTIES

4. The named Plaintiff, Ms. Johnson, is a citizen of the United States and of Montgomery County, Alabama, and is over the age of nineteen years. She was an employee of the Defendant HealthSouth Rehabilitation during the subject matter of this Complaint.

5. The named Defendant HealthSouth Rehabilitation (hereinafter referred to as "HealthSouth") is, on information and belief, doing business in Montgomery County, Alabama and has sufficient contacts with the State of Alabama to warrant this Court's exercise of personal jurisdiction over it.

6. Defendant Jorge Nichols (hereinafter referred to as "Nichols") is employed as the cafeteria manager at HealthSouth Rehabilitation and at all times relevant hereto, was acting within the line and scope of his authority.

## III. STATEMENT OF FACTS RELATED TO PLAINTIFF KANESHA JOHNSON

7. Plaintiff was subjected on an ongoing basis to a sexually harassing and hostile work environment by Jorge Nichols, who was her immediate supervisor and HealthSouth's cafeteria manager. Said harassment included, but was not limited to, crude comments of a sexual nature, negative sex related comments and attitudes and hands on sexual harassment. The Defendant HealthSouth had been made aware of the sexually hostile and harassing work environment, but allowed the same to continue.

8. In March, 2004, Ms. Johnson began working for HealthSouth Rehabilitation as a diet clerk and food service worker in the cafeteria at the Defendant HealthSouth's office in Montgomery, Alabama located at 4465 Narrow Lane Road. Shortly thereafter, beginning in April 2004, Ms.

Johnson was subjected to repeated and unwelcomed sexual harassment by her immediate supervisor and the highest level person in her department, Jorge Nichols.

9.   Ms. Johnson avers that Jorge Nichols engaged in a pattern and practice of sex discrimination and sexual harassment to which she, <u>along with other females</u>, were subjected, which created a hostile work environment for female employees. Ms. Johnson was subjected to unwelcome sexual advances and overtures, which affected the terms and conditions of her employment.

10.  Given the continuous and on-going sexually harassing and hostile work environment to which she was being subjected, Ms. Johnson felt that she had no choice but to complain. Although Ms. Johnson complained about the sexually harassing and discriminatory conduct towards her and the sexually harassing and hostile work environment was so pervasive that the Defendant HealthSouth knew or should have known about it, it continued.

11.  Ms. Johnson complained about the sexual harassment in question on September 20, 2004. Almost immediately, upon Ms. Johnson reporting her claims of sexual harassment to HealthSouth's Human Resource Director, Keri Curtis, Ms. Johnson was retaliated against in a manner that was threatening, humiliating and embarrassing to her. Ms. Curtis' attitude towards Ms. Johnson became extremely hostile. Ms. Curtis was obviously furious with Ms. Johnson for complaining about the sexual harassment to which she was being subjected by Mr. Nichols. Ms. Curtis acted as if she did not believe Ms. Johnson and called her a "liar." Ms. Curtis also told Ms. Johnson, among other things, that if HealthSouth found out that Ms. Johnson was lying, HealthSouth could bring legal action against Ms. Johnson.

12.  On September 21, 2004, one day after Ms. Johnson complained about the sexual harassment to HealthSouth's Human Resource Director, Keri Curtis, Mr. Nichols tried to pressure Ms. Johnson into retracting her complaints against him. Ms. Johnson refused. Later that day, Ms.

Johnson was forced to meet with Mr. Nichols with Ms. Curtis and was required to retell her complaints against Mr. Nichols, in Mr. Nichols' presence. More than once, Ms. Curtis, the Director of Human Resources, repeatedly yelled at Ms. Johnson, calling her a "liar" and telling Ms. Johnson that she, Ms. Curtis, did not believe her. Later that same day, Ms. Johnson was unjustly terminated, over her objection.

## IV. CAUSES OF ACTION

### COUNT I

13. Ms. Johnson repeats, realleges and incorporates by reference paragraphs one (1) through twelve (12) above, the same as if more fully set forth herein, and further alleges that the Defendants' actions toward her have violated her right to be free of sexual harassment and sex discrimination in employment, in violation of Title VII of the <u>Civil Rights Act of 1964, as amended,</u> and the 1991 Civil Rights Act.

14. As a proximate cause of Defendants' afore-described actions, Ms. Johnson has been injured and damaged, as set forth in paragraphs one (1) through thirteen (13) above. In addition, Ms. Johnson has suffered considerable mental and emotional anguish, as result of the above-referenced sexually harassing and hostile work environment to which she was subjected.

15. Plaintiff avers that she was subjected to sexual slurs, along with sexual comments and attitudes on an ongoing basis. The Plaintiff further avers that the sexual harassment was so extreme that it has altered the conditions of her employment and created an abusive and sexually hostile working environment in violation of Title VII of the Civil Rights of 1964, as amended, and the Civil Rights Act of 1991.

16. As a proximate result of the Defendants' actions, the Plaintiff has been injured and damaged as set forth in paragraphs one (1) through fifteen (15) above.

## COUNT II

17. Plaintiff realleges paragraphs one (1) through sixteen (16) of this Complaint as if fully set out herein.

18. Defendant HealthSouth knew or should have known about the sexual harassment perpetrated by its agent Mr. Nichols against the Plaintiff and described in paragraphs one (1) through seventeen (17) above.

19. Defendant HealthSouth's conduct in tolerating and ratifying the above referenced sexually harassing practices carried out by a manager in its workplace and failing to take reasonable steps to prevent the sexual harassment and remedy such conduct is in violation of Title VII of the Civil Rights Acts of 1964, as amended, and the Civil Rights Act of 1991.

## COUNT III

Plaintiff repeats, re-alleges, and incorporates by reference paragraphs one (1) through nineteen (19) above, the same as if more fully set forth herein.

20. Ms. Johnson further alleges that the Defendants' actions toward her have violated her right to be free of retaliation in employment in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

21. Almost immediately after Ms. Johnson complained to HealthSouth's Human Resource Director about the sexual harassment to which she was being subjected, she was retaliated against in a manner that was cold and hostile, threatening, humiliating and embarrassing to her. This retaliation included, but was not limited to, Ms. Johnson's job being threatened and Ms. Johnson being terminated.

22. Ms. Johnson has been damaged and injured by the Defendant's wrongful retaliation and discrimination, in that she has lost income and has suffered severe mental and emotional anguish

for which she seeks compensatory damages.

23. Ms. Johnson also avers that, given the egregious, wanton, and willful circumstances of this retaliation discrimination, this is a case for which an award of punitive damages is appropriate.

### PRAYER FOR RELIEF FOR COUNTS I, II AND III

**WHEREFORE, PREMISES CONSIDERED,** Ms. Johnson respectfully prays that this Court grant the following relief:

a) A judgment declaring that Ms. Johnson was discriminated against by the Defendant, due to her female sex;

b) An injunction requiring the Defendant HealthSouth to reinstate Ms. Johnson into a position at HealthSouth Rehabilitation effective from the date of final judgment, with back pay retroactive to September 21, 2004, at a salary level equivalent to what she would have been making had she not been the victim of sex discrimination and retaliation.

c) An injunction requiring that the Defendant HealthSouth grant Ms. Johnson all fringe benefits and other rights, including seniority rights to which she would have been entitled, had she not been a victim of sex discrimination and retaliation;

d) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

e) An award of compensatory damages, including for mental anguish, to which the Plaintiff may be entitled;

f) An award of punitive damages;

g) An award of front pay; and

h) Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT IV

24. Plaintiff Johnson incorporates by reference paragraphs one (1) through twenty-three (23) above, the same as if more fully set forth herein and further alleges the following;

25. Defendant Nichols verbally assaulted and physically assaulted and battered Plaintiff Johnson by making lewd sexual comments and suggestions to her, and by touching and/or grabbing her body, without her consent. Furthermore, after repeated requests by Plaintiff Johnson to Defendant Nichols that he cease making sexual comments and cease his unwelcome touching of her body, Defendant Nichols, acting on behalf of Defendant HealthSouth, continued to do so.

26. The activities of the Defendants described herein-above constitute an actionable assault and battery and caused Plaintiff Johnson to suffer enormous embarrassment, shame, and extreme mental and emotional anguish.

WHEREFORE, premises considered, Plaintiff Johnson demands judgment against the Defendants for all compensatory and punitive damages recoverable at law in an amount to be determined by a jury, plus interest and costs.

## COUNT V

27. Plaintiff Johnson incorporates by reference paragraphs one (1) through twenty-six (26) above, the same as if more fully set forth herein, and further alleges the following.

28. Defendant Nichols wrongfully and intentionally invaded Plaintiff Johnson's privacy, physical solitude and/or seclusion. As such, the Defendants caused Plaintiff Johnson to suffer severe anxiety and emotional distress.

29. Defendants' above-described intentional actions constituted an actionable invasion

of Plaintiff Johnson's right to privacy.

WHEREFORE, premises considered, Plaintiff Johnson demands judgment against the Defendants for all compensatory and punitive damages recoverable at law in an amount to be determined by a jury, plus interest and costs.

RESPECTFULLY SUBMITTED this 16th day of February, 2006.

*/s/ Kanesha Johnson*
Kanesha Johnson, Pro Se

**Pro Se:**
Kanesha Johnson
155 Sylvest Drive, Apt. 2201
Montgomery, AL 36117
334-309-6733