IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KANESHA JOHNSON | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | FILE NO. 2:06cv143-WKW |
| | ) | |
| HEALTHSOUTH REHABILITATION | ) | |
| and JORGE NICHOLS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**HEALTHSOUTH OF MONTGOMERY, INC.'S[1] ANSWER AND DEFENSES**

COMES NOW, Defendant HealthSouth of Montgomery, Inc. ("HealthSouth" or "Defendant") and responds to the Complaint of Kanesha Johnson ("Plaintiff"), as follows:

As an initial matter, HealthSouth objects to Plaintiff's reference to "HealthSouth Rehabilitation" to the extent that it seeks to contend that such entity exists or that Plaintiff was employed by such entity, which HealthSouth denies. Plaintiff was employed by HealthSouth of Montgomery, Inc., and Defendant will assume that any reference to "HealthSouth Rehabilitation" was meant to be a reference to HealthSouth of Montgomery, Inc. To the extent the reference to "HealthSouth Rehabilitation" is meant to refer to any other entities, HealthSouth denies each and every the allegation of the Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

HealthSouth hereby states the following affirmative and additional defenses to Plaintiff's Complaint as follows, but does not assume the burden of proof on any defenses except as

---

[1] Plaintiff incorrectly identifies the corporate Defendant as "HealthSouth Rehabilitation." There is no such entity by that name. The proper entity is HealthSouth of Montgomery, Inc.

required by applicable law with respect to the particular defense asserted. HealthSouth further reserves the right to assert other affirmative and additional defenses and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

**FIRST DEFENSE**

Some or all of the allegations in the Complaint fail to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Some or all of Plaintiff's claims are barred because HealthSouth's treatment of Plaintiff was at all times based only upon reasonable, legitimate, and non-discriminatory factors.

**THIRD DEFENSE**

Plaintiff is not entitled to some or all of the relief requested in the Complaint because, even if any unlawful discrimination, retaliation or harassment occurred, which HealthSouth denies, such conduct was prohibited by HealthSouth's policies and was not committed, countenanced, ratified, or approved by higher management in HealthSouth's corporate structure, nor was it within the actual or constructive knowledge of higher management in HealthSouth's corporate structure.

**FOURTH DEFENSE**

Plaintiff is not entitled to some or all of the relief requested in the Complaint because, even if any unlawful discrimination, retaliation or harassment occurred, which HealthSouth denies, HealthSouth cannot be held vicariously liable for alleged discrimination, harassment, or other misconduct which is contrary to HealthSouth's express policies, procedures, and good faith efforts to comply with applicable laws.

## FIFTH DEFENSE

The relief sought by Plaintiff is barred in whole or in part because HealthSouth took no action with malice, bad faith, or with reckless indifference or disregard for any protected rights of Plaintiff.

## SIXTH DEFENSE

Plaintiff's claims for damages are limited in whole or in part by statute.

## SEVENTH DEFENSE

Plaintiff's claims for damages are barred in whole or part to the extent Plaintiff has failed to mitigate her alleged damages, her entitlement to which is expressly denied.

## EIGHTH DEFENSE

Plaintiff is not entitled to attorneys' fees, costs or expenses.

## NINTH DEFENSE

All claims brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII") that were not included in a Charge filed with the Equal Employment Opportunity Commission ("EEOC") and/or that were not investigated by the EEOC are barred because of the failure to satisfy the statutory prerequisites or because of a lack of subject matter jurisdiction.

## TENTH DEFENSE

All claims brought pursuant to Title VII with respect to acts or events occurring, or with respect to which Plaintiff was notified and/or aware of, prior to 180 days before the filing of Plaintiff's Charge with the EEOC are barred by the applicable statute of limitations and/or failure to satisfy the statutory prerequisites.

**ELEVENTH DEFENSE**

Some or all of Plaintiff's claims are barred to the extent Plaintiff failed to exhaust her administrative remedies and/or to allow the EEOC an adequate opportunity to investigate.

**TWELFTH DEFENSE**

Plaintiff is not entitled to some or all of the relief requested in their Complaint because, even if HealthSouth were found to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, which HealthSouth denies, HealthSouth would have taken the same action with regard to Plaintiff's employment regardless of any impermissible factors.

**THIRTEENTH DEFENSE**

Even if any alleged harassment, discrimination or retaliation occurred, which HealthSouth denies, some or all of Plaintiff's claims are barred because HealthSouth maintained, disseminated and enforced a clear policy against harassment establishing reasonable and effective means of reporting and seeking relief from alleged inappropriate conduct, HealthSouth acted in accordance with this policy at all times, and Plaintiff unreasonably failed to follow those policies.

**FOURTEENTH DEFENSE**

Even if any alleged harassment, discrimination or retaliation occurred, which HealthSouth denies, some or all of Plaintiff's claims are barred to the extent Plaintiff failed to put HealthSouth on notice of the alleged misconduct in a timely manner, failed to take advantage of preventative or corrective opportunities provided by HealthSouth, and/or failed to provide HealthSouth a reasonable opportunity to stop or correct the alleged misconduct and/or to remedy the alleged harm.

## FIFTEENTH DEFENSE

Some or all of Plaintiff's claims are barred because, to the extent Plaintiff reported any alleged harassment, discrimination, or retaliation, HealthSouth promptly investigated, took prompt and appropriate remedial action, and otherwise acted reasonably to end or prevent any inappropriate conduct.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because the alleged wrongful acts of HealthSouth's employee(s) were outside the course and scope of employment of such employee(s), were not in furtherance of HealthSouth's business, and were contrary to HealthSouth's good faith efforts to comply with all applicable laws.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because HealthSouth neither participated in, authorized, nor ratified the alleged wrongful acts of HealthSouth's employee(s).

## EIGHTEENTH DEFENSE

To the extent the complaint may include claims of negligence or other tortious conduct on the part of HealthSouth resulting in injury to Plaintiff, such claims may be barred in whole or in part by the exclusive remedy provision of the state workers' compensation law.

## NINETEENTH DEFENSE

Plaintiff's claims are barred because HealthSouth has committed no act or omission with the intent to cause harm, injury, or other damage to Plaintiff.

## TWENTIETH DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrines of waiver, estoppel, and/or release, and/or the doctrines of collateral estoppel and/or res judicata.

## TWENTY-FIRST DEFENSE

Plaintiff's claims may be barred in whole or in part by her own misconduct.

## TWENTY-SECOND DEFENSE

Some or all of Plaintiff's purported claims are barred because of insufficient service of process.

## TWENTY-THIRD DEFENSE

Some or all of the purported claims stated in the Complaint are barred by the applicable statute of limitations.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred to the extent the proper corporate Defendant has not been named as a party to this action.

## RESPONSE TO SPECIFIC PARAGRAPHS OF PLAINTIFF'S COMPLAINT

HealthSouth responds to the individual Paragraphs of Plaintiff's Complaint as follows:

1.

The Plaintiff, Kanesha Johnson, files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331, 2201 and 2202 as an action arising under the Act of Congress known as Title VII of the Civil Rights Act of 1964, as amended, and the 1991 Civil Rights Act, to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and an award of back pay and other damages suffered by Ms. Johnson due to the Defendant's discrimination against Ms. Johnson in her employment due to her female sex and its retaliation against her. This Court is asked to exercise pendent jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:** HealthSouth denies the allegations contained in Paragraph 1 of Plaintiff's Complaint to the extent they state or imply HealthSouth in any way acted to deprive Plaintiff of any legal right, or that HealthSouth unlawfully discriminated against Plaintiff. HealthSouth

further denies the allegations of this Paragraph as calling for a legal conclusion to which no response is required.

2.

Ms. Johnson avers that she has pursued and exhausted her administrative remedies. In particular, Mr. Johnson filed a charge of sex discrimination, sexual harassment and retaliation with the EEOC's Birmingham Office on October 14, 2004. The right-to-sue letter was issued on or about November 21, 2005.

**ANSWER**: Upon information and belief, HealthSouth admits that Plaintiff filed a Charge with the EEOC, and that the Charge appears to be dated October 12, 2004. HealthSouth further states that the Charge is a document that speaks for itself. HealthSouth also admits that the EEOC issued a Notice of Right to Sue letter relating to such Charge that appears to be dated November 21, 2005. Except as expressly admitted herein, HealthSouth denies the allegations contained in this Paragraph.

3.

Venue is proper in the Middle District of Alabama, since the cause of action of Ms. Johnson arose in Montgomery County of the Middle District of Alabama and the Defendant HealthSouth Rehabilitation was doing business in Montgomery, Alabama during the time period made the subject matter of this Complaint.

**ANSWER**: HealthSouth denies the allegations contained in Paragraph 3 of Plaintiff's Complaint as calling for a legal conclusion to which no response is required.

4.

The named Plaintiff, Ms. Johnson, is a citizen of the United States and of Montgomery County, Alabama, and is over the age of nineteen years. She was an employee of the Defendant HealthSouth Rehabilitation during the subject matter of this Complaint.

**ANSWER:** Upon information and belief, HealthSouth admits that Plaintiff is a citizen of the United States and of Montgomery County, Alabama, and that she is over the age of nineteen. HealthSouth denies that Plaintiff was employed by any entity named "HealthSouth

Rehabilitation" as such entity does not exist. To the extent Plaintiff is alleging she was employed by HealthSouth of Montgomery, Inc., HealthSouth admits such allegation. Except as expressly admitted herein, HealthSouth denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

The named Defendant HealthSouth Rehabilitation (hereinafter referred to as "HealthSouth") is, on information and belief, doing business in Montgomery County, Alabama and has sufficient contacts with the State of Alabama to warrant this Court's exercise of personal jurisdiction over it.

**ANSWER**: HealthSouth admits that it conducts business in Montgomery County, Alabama. HealthSouth denies the allegations of this Paragraph relating to personal jurisdiction as calling for a legal conclusion to which no response is required, and further denies any remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant Jorge Nichols (hereinafter referred to as "Nichols") is employed as the cafeteria manager at HealthSouth Rehabilitation and at all times relevant hereto, was acting within the line and scope of his authority.

**ANSWER**: HealthSouth denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Plaintiff was subjected on an ongoing basis to a sexually harassing and hostile work environment by Jorge Nichols, who was her immediate supervisor and HealthSouth's cafeteria manager. Said harassment included, but was not limited to, crude comments of a sexual nature, negative sex related comments and attitudes and hands on sexual harassment. The Defendant HealthSouth had been made aware of the sexually hostile and harassing work environment, but allowed to same to continue.

**ANSWER:** HealthSouth denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

In March, 2004, Ms. Johnson began working for HealthSouth Rehabilitation as a diet clerk and food service worker in the cafeteria at the Defendant HealthSouth's office in Montgomery, Alabama located at 4465 Narrow Lane Road. Shortly thereafter, beginning in April 2004, Ms. Johnson was subjected to repeated and unwelcomed sexual harassment by her immediate supervisor and the highest level person in her department, Jorge Nichols.

**ANSWER**: HealthSouth admits that Plaintiff was previously employed by HealthSouth as a Food Service Aid in the Food Services department beginning in or about March 2004. HealthSouth denies the remaining allegations contained in this Paragraph.

9.

Ms. Johnson avers that Jorge Nichols engaged in a pattern and practice of sex discrimination and sexual harassment to which she, <u>along with other females</u>, were subjected, which created a hostile work environment for female employees. Ms. Johnson was subjected to unwelcome sexual advances and overtures, which affected the terms and conditions of her employment.

**ANSWER**: HealthSouth denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Given the continuous and on-going sexually harassing and hostile work environment to which she was being subjected, Ms. Johnson felt that she had no choice but to complain. Although Ms. Johnson complained about the sexually harassing and discriminatory conduct towards her and the sexually harassing and hostile work environment was so pervasive that the Defendant HealthSouth knew or should have know about it, it continued.

**ANSWER**: HealthSouth denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Ms. Johnson complained about the sexual harassment in question on September 20, 2004. Almost immediately, upon Ms. Johnson reporting her claims of sexual harassment to HealthSouth's Human Resource Director, Keri Curtis, Ms. Johnson was retaliated against in a manner that was threatening, humiliating and embarrassing to her. Ms. Curtis' attitude towards Ms. Johnson became extremely hostile. Ms. Curtis was obviously furious with Ms. Johnson for complaining about the sexual harassment to which she was being subjected by Mr. Nichols. Ms.

Curtis acted as if she did not believe Ms. Johnson and called her a "liar." Ms. Curtis also told Mr. Johnson, among other things, that if HealthSouth found out that Ms. Johnson was lying, HealthSouth could bring legal action against Ms. Johnson.

**ANSWER**:    HealthSouth admits only that on or about September 20, 2004, Plaintiff told HealthSouth that she believed Mr. Nichols had acted inappropriately toward her in the past. HealthSouth denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

On September 21, 2004, one day after Ms. Johnson complained about the sexual harassment to HealthSouth's Human Resource Director, Keri Curtis, Mr. Nichols tried to pressure Ms. Johnson into retracting her complaints against him. Ms. Johnson refused. Later that day, Ms. Johnson was forced to meet with Mr. Nichols with Ms. Curtis and was required to retell her complaints against Mr. Nichols, in Mr. Nichols' presence. More than once, Ms. Curtis, the Director of Human Resources, repeatedly yelled at Ms. Johnson, calling her a "liar" and telling Ms. Johnson that she, Ms. Curtis, did not believe her. Later that same day, Ms. Johnson was unjustly terminated, over her objection.

**ANSWER**:    HealthSouth denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

## COUNT I

13.

Ms. Johnson repeats, realleges and incorporates by reference paragraphs one (1) through twelve (12) above, the same as if more fully set forth herein, and further alleges that the Defendants' actions toward her have violated her right to be free of sexual harassment and sex discrimination in employment, in violation of Title VII of the <u>Civil Rights Act of 1964, as amended</u>, and the 1991 Civil Rights Act.

**ANSWER**: HealthSouth incorporates by reference its responses to Paragraphs 1 through 12 of Plaintiff's Complaint as if fully set forth herein and further denies the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

As a proximate cause of Defendants' afore-described actions, Ms. Johnson has been injured and damaged, as set forth in paragraphs one (1) through thirteen (13) above. In addition,

Ms. Johnson has suffered considerable mental and emotional anguish, as result of the above-referenced sexually harassing and hostile work environment to which she was subjected.

**ANSWER**:   HealthSouth denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Plaintiff avers that she was subjected to sexual slurs, along with sexual comments and attitudes on an ongoing basis.  The Plaintiff further avers that the sexual harassment was so extreme that it has altered the conditions of her employment and created an abusive and sexually hostile working environment in violation of Title VII of the Civil Rights of 1964, as amended, and the Civil Rights Act of 1991.

**ANSWER**:   HealthSouth denies the allegations contained in Paragraph 15 of Plaintiff's Complaint

16.

As a proximate result of the Defendants' actions, the Plaintiff has been injured and damaged as set forth in paragraphs one (1) through fifteen (15) above.

**ANSWER**:   HealthSouth denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

## **COUNT II**

17.

Plaintiff realleges paragraphs one (1) through sixteen (16) of this Complaint as if fully set out herein.

**ANSWER**:  HealthSouth incorporates by reference its responses to Paragraphs 1 through 16 of Plaintiff's Complaint as if fully set forth herein.

18.

Defendant HealthSouth knew or should have known about the sexual harassment perpetrated by its agent Mr. Nichols against the Plaintiff and described in paragraphs one (1) through seventeen (17) above.

**ANSWER**:  HealthSouth denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant HealthSouth's conduct in tolerating and ratifying the above referenced sexually harassing practices carried out by a manager in its workplace and failing to take reasonable steps to prevent the sexual harassment and remedy such conduct is in violation of Title VII of the Civil Rights Acts of 1964, as amended, and the Civil Rights Act of 1991.

**ANSWER**:  HealthSouth denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

## COUNT III

20.

Plaintiff repeats, realleges, and incorporates by reference paragraphs one (1) through nineteen (19) above, the same as if more fully set forth herein.

**ANSWER**:  HealthSouth incorporates by reference its responses to Paragraphs 1 through 19 of Plaintiff's Complaint as if fully set forth herein.

21.

Almost immediately after Ms. Johnson complained to HealthSouth's Human Resources Director about the sexual harassment to which she was being subjected, she was retaliated against in a manner that was cold and hostile, threatening, humiliating and embarrassing to her. This retaliation included, but was not limited to, Ms. Johnson's job being threatened and Ms. Johnson being terminated.

**ANSWER**:  HealthSouth denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Ms. Johnson has been damaged and injured by the Defendant's wrongful retaliation and discrimination, in that she has lost income and has suffered severe mental and emotional anguish for which she seeks compensatory damages.

**ANSWER**:  HealthSouth admits that Plaintiff seeks to recover compensatory damages but denies Plaintiff is entitled to any such damages and further denies any remaining allegations in Paragraph 22 of Plaintiff's Complaint.

23.

Ms. Johnson also avers that, given the egregious, wanton, and willful circumstances of this retaliation discrimination, this is a case for which an award of punitive damages is appropriate.

**ANSWER**:  HealthSouth denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

## PRAYER FOR RELIEF FOR COUNTS I, II AND III

WHEREFORE, PREMISES CONSIDERED, Ms. Johnson respectfully prays that this Court grant the following relief:

(a)   A judgment declaring that Ms. Johnson was discriminated against by the Defendant, due to her female sex;

(b)   An injunction requiring the Defendant HealthSouth to reinstate Ms. Johnson into a position at HealthSouth Rehabilitation effective from the date of final judgment, with back pay retroactive to September 21, 2004, at a salary level equivalent to what she would have been making had she not been the victim of sex discrimination and retaliation.

(c)   An injunction requiring that the Defendant HealthSouth grant Ms. Johnson all fringe benefits and other rights, including seniority rights to which she would have been entitled, had she not been a victim of sex discrimination and retaliation;

(d)   An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

(e)   An award of compensatory damages, including for mental anguish, to which the Plaintiff may be entitled;

(f)   An award of punitive damages;

(g)   An award of front pay; and

(h)   Such further, other and different relief as the Court may deem appropriate and necessary.

**ANSWER**:    HealthSouth denies that Plaintiff is entitled to any of the remedies set forth in the Prayer for Relief for Counts I, II, and III Paragraph of Plaintiff's Complaint, including subparts (a) through (h).

## COUNT IV

24.

Plaintiff Johnson incorporates by reference paragraphs one (1) through twenty-three (23) above, the same as if more fully set forth herein and further alleges the following;

**ANSWER**:  HealthSouth incorporates by reference its responses to Paragraphs 1 through 23 of Plaintiff's Complaint as if fully set forth herein.

25.

Defendant Nichols verbally assaulted and physically assaulted and battered Plaintiff Johnson by making lewd sexual comments and suggestions to her, and by touching and/or grabbing her body, without her consent. Furthermore, after repeated requests by Plaintiff Johnson to Defendant Nichols that he cease making sexual comments and cease his unwelcome touching of her body, Defendant Nichols, acting on behalf of Defendant HealthSouth, continued to do so.

**ANSWER**:    HealthSouth denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

The activities of the Defendant described herein-above constitute an actionable assault and battery and caused Plaintiff Johnson to suffer enormous embarrassment, shame, and extreme mental and emotional anguish.

**ANSWER**:    HealthSouth denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

WHEREFORE, premises considered, Plaintiff Johnson demands judgment against the Defendants for all compensatory and punitive damages recoverable at law in an amount to be determined by a jury, plus interest and costs.

**ANSWER**: HealthSouth admits that Plaintiff seeks to recover judgment for compensatory and punitive damages but denies Plaintiff is entitled to any such judgment or damages and further denies any remaining allegations in this "WHEREFORE" Paragraph of Plaintiff's Complaint.

## COUNT V

27.

Plaintiff Johnson incorporates by reference paragraphs one (1) through twenty-six (26) above, the same as if more fully set forth herein, and further alleges the following.

**ANSWER**: HealthSouth incorporates by reference its responses to Paragraphs 1 through 26 of Plaintiff's Complaint as if fully set forth herein.

28.

Defendant Nichols wrongfully and intentionally invaded Plaintiff Johnson's privacy, physical solitude and/or seclusion. As such, the Defendants caused Plaintiff Johnson to suffer severe anxiety and emotional distress.

**ANSWER**: HealthSouth denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendants' above-described intentional actions constituted an actionable invasion of Plaintiff Johnson's right to privacy.

**ANSWER**: HealthSouth denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

WHEREFORE, premises considered, Plaintiff Johnson demands judgment against the Defendants for all compensatory and punitive damages recoverable at law in an amount to be determined by a jury, plus interest and costs.

**ANSWER**: HealthSouth admits that Plaintiff seeks to recover judgment for compensatory and punitive damages but denies Plaintiff is entitled to any such judgment or damages and further denies any remaining allegations in this "WHEREFORE" Paragraph of Plaintiff's Complaint.

## GENERAL DENIAL

To the extent that any Paragraph of this Complaint or portion thereof has not been expressly admitted, denied, or otherwise properly responded to, it is hereby expressly denied.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully answered Plaintiff's Complaint, HealthSouth respectfully requests that (1) final judgment be entered in its favor; (2) the Court dismiss the Complaint with prejudice; (3) costs (including attorneys' fees) be assessed against Plaintiff and awarded to HealthSouth; and (4) the Court award HealthSouth such other and further relief as it deems just and proper.

Respectfully submitted, this 13th day of March, 2006.

s/ Leslie K. Eason
Leslie K. Eason, AL Bar No. ASB-3405-L62W
leason@hunton.com
L. Traywick Duffie*
Georgia Bar No. 231950
Meredith K. Olafson*
Georgia Bar No. 551251
*Admission Pro Hac Vice Forthcoming
HUNTON & WILLIAMS LLP
Bank of America Plaza
Suite 4100
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
TELEPHONE:  (404) 888-4000
FACSIMILE:   (404) 888-4190

**ATTORNEYS FOR DEFENDANT
HEALTHSOUTH OF MONTGOMERY, INC.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KANESHA JOHNSON ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | FILE NO. 02:06cv143-WKW |
| ) | |
| HEALTHSOUTH REHABILITATION ) | |
| and JORGE NICHOLS, ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of March, 2006, the foregoing HealthSouth of Montgomery, Inc.'s Answer and Defenses was electronically filed using this Court's CM/ECF system, and I hereby certify that I have served by first class mail, postage prepaid, the document on the following non-CM/ECF participants:

Kanesha Johnson
155 Sylvest Drive, Apt. 2201
Montgomery, Alabama  36117

Jorge Nichols
244 Joyce Street
Prattville, AL 36066

s/ Leslie Eason Williams
**Attorney for Defendant HealthSouth
of Montgomery, Inc.**