IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KANESHA JOHNSON, | : |
| | : |
|     Plaintiff, | : |
| | : |
| vs. | :   CASE NO. 2:06-CV-143-WKW |
| | : |
| HEALTHSOUTH CORPORATION, | : |
| HEALTHSOUTH OF MONTGOMERY, INC., | : |
| and JORGE NICHOLLS, | : |
| | : |
|     Defendants. | : |

## AMENDED COMPLAINT

### I. JURISDICTION

1. The Plaintiff Kanesha Johnson files this Amended Complaint and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§1331, 2201 and 2202 as an action arising under the Act of Congress known as *Title VII of the Civil Rights Act of 1964*, as amended, and the *Civil Rights Act of 1991*, to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and an award of back pay and other damages suffered by Ms. Johnson due to the Defendants' discrimination against Ms. Johnson in her employment due to her female sex and its retaliation against her. This Court is asked to exercise pendent jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

2. Ms. Johnson avers that she has pursued and exhausted her administrative remedies. In particular, Ms. Johnson filed a charge of sex discrimination, sexual harassment and retaliation with the EEOC's Birmingham Office on October 14, 2004. A right-to-sue letter was issued on or about November 21, 2005. The initial Complaint was timely filed on February 16, 2006.

3. Venue is proper in the Middle District of Alabama, since the cause of action arose in Montgomery County, in the Middle District of Alabama and the Defendants HealthSouth

Corporation and HealthSouth of Montgomery, Inc. (hereinafter collectively referred to as ("HealthSouth") were doing business in Montgomery, Alabama during the time period made the subject matter of this Complaint.

## II.  PARTIES

4. The named Plaintiff, Kanesha Johnson, is a citizen of the United States and a resident of Montgomery County, Alabama. She is over the age of nineteen years. She was an employee of HealthSouth during the period made the subject of this Complaint. She was employed in the Food Services Division of HealthSouth Rehabilitation Hospital of Montgomery (hereinafter "the Hospital"), a HealthSouth facility in Montgomery, Alabama.

5. HealthSouth is doing business in Montgomery County, Alabama and has sufficient contacts with the State of Alabama to warrant this Court's exercise of personal jurisdiction over it.

6. Defendant Jorge Nicholls (hereinafter "Nicholls") was employed as the Director of Food Services at the Hospital, and at all times relevant hereto, was acting within the line and scope of his authority as a supervisor and employee of HealthSouth.

## III.  STATEMENT OF FACTS RELATED TO PLAINTIFF JOHNSON

7. Plaintiff was subjected on an ongoing basis to a sexually harassing and hostile work environment by Nicholls, who was her immediate supervisor at the Hospital. Said harassment included, but was not limited to, crude comments of a sexual nature, negative comments related to sex, sexually crude behavior and physical sexual harassment. HealthSouth knew or should have know of the sexually hostile and harassing work environment, but allowed same to continue.

8. In March 2004, Ms. Johnson began working at the Hospital as a food service worker in the cafeteria. Beginning in April 2004, Ms. Johnson was subjected to repeated and unwelcome

       sexual harassment by Nicholls, her immediate supervisor and the highest level person in her department.

9. Ms. Johnson avers that Nicholls engaged in a patten and practice of sex discrimination and sexual harassment to which she, along with other females, were subjected, which created a hostile work environment for female employees. Ms. Johnson was subjected to unwelcome sexual advances and overtures, which affected the terms and conditions of her employment. Additionally, Nicholls repeatedly promised Ms. Johnson a full time office position if she would submit to his advances.

10. Given the continuous and ongoing sexually harassing and hostile work environment to which she was being subjected, Ms. Johnson felt she had no choice but to complain to the Human Resources Department.

11. On September 20, 2004, Ms. Johnson complained about the sexual harassment to HealthSouth's Human Resources Director, Keri Curtis. Ms. Curtis responded in a manner that was threatening, humiliating and hostile to Ms. Johnson. Ms. Curtis acted as if she did not believe Ms. Johnson and called her a "liar". Among other things, Ms. Curtis told Ms. Johnson that if HealthSouth found out that Ms. Johnson was lying about her allegations, the company could bring legal action against Ms. Johnson.

12. The following day on September 21, 2004, Nicholls called Ms. Johnson into his office and tried to pressure her into retracting her complaints against him. Ms. Johnson refused. Later that day, Ms. Johnson was forced to meet with Ms. Curtis and retell her complaints against Nicholls, in Nicholls' presence. Again, Ms. Curtis yelled at Ms. Johnson, called her a "liar" and told Ms. Johnson that she did not believe her. Later that same day, Ms. Johnson was called back to Ms. Curtis' office, ordered to hand over her badge, clear out her personal belongings and leave the premises. These actions constituted a termination of employment.

## IV. CAUSES OF ACTION

### COUNT I - HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT
### (DEFENDANTS HEALTHSOUTH)

13. Plaintiff repeats, realleges and incorporates by reference paragraphs one through twelve above, the same as if fully set forth herein, and further alleges that the Defendants' actions towards her have violated her right to be free of sexual harassment and sex discrimination in employment, in violation of *Title VII of the Civil Rights Act of 1964*, *as amended*, and the *Civil Rights Act of 1991.*

14. As a proximate cause of Defendants' afore-described actions, Ms. Johnson has been injured and damaged. In addition, Ms. Johnson has suffered mental and emotional anguish as a result of the above-referenced sexually harassing and hostile work environment to which she was subjected.

15. Ms. Johnson avers that she was subjected to crude comments of a sexual nature, negative comments related to sex, sexually crude behavior and physical sexual harassment by her supervisor Nicholls on an ongoing and persistent basis. She further avers that the sexual harassment was so extreme that it altered the conditions of her employment and created an abusive and sexually hostile working environment in violation of *Title VII of the Civil Rights Act of 1964, as amended,* and the *Civil Rights Act of 1991*.

16. Nicholls' behavior was so persistent and ongoing that HealthSouth knew or should have known of Nicholls' behavior and failed to take appropriate action against him.

17. As a proximate result of the Defendants' actions, the Plaintiff has been injured and damaged as set forth in paragraphs one through sixteen above.

### COUNT II - *QUID PRO QUO* SEXUAL HARASSMENT
### (DEFENDANTS HEALTHSOUTH)

18. Plaintiff repeats, realleges and incorporates by reference paragraphs one through seventeen above, the same as if more fully set forth herein.

19. Nicholls' promise to secure Ms. Johnson a full time office position if she would submit to his advances constitute *quid pro quo* sexual harassment.

20. At all times, Nicholls was acting as an agent of and in the scope of his employment with HealthSouth in violation of *Title VII of the Civil Rights Act of 1964*, *as amended*, and the *Civil Rights Act of 1991*.

### COUNT III - RETALIATION
### (DEFENDANTS HEALTHSOUTH)

21. Plaintiff repeats, realleges and incorporates by reference paragraphs one through twenty above, the same as if more fully set forth herein.

22. Ms. Johnson further alleges that HealthSouth's actions towards her have violated her right to be free of retaliation in employment in violation of *Title VII of the Civil Rights Act of 1964*, *as amended*, and the *Civil Rights Act of 1991*.

23. Upon reporting Nicholls' harassment to Keri Curtis, Ms. Curtis reacted in a hostile, threatening and humiliating manner towards Ms. Johnson. These acts included but were not limited to Ms. Curtis yelling at Ms. Johnson, repeatedly calling her a "liar", threatening legal action against her, forcing Ms. Johnson to repeat her allegations in Nicholls' presence and subsequently forcing Ms. Johnson to surrender her job and leave the premises.

24. Ms. Johnson has been damaged and injured by HealthSouth's wrongful retaliation and discrimination, in that she has lost income and has suffered severe mental and emotional anguish for which she seeks compensatory damages.

25. Ms. Johnson also avers that, given the egregious, wanton and willful circumstances of the retaliation, an award of punitive damages is appropriate.

## PRAYER FOR RELIEF FOR COUNTS I, II AND III

WHEREFORE, PREMISES CONSIDERED, Ms. Johnson respectfully prays that this Court grant the following relief:

a. A judgment declaring that Ms. Johnson was harassed by Defendants due to her female sex;

b. An injunction requiring that HealthSouth reinstate Ms. Johnson into a position at HealthSouth Rehabilitation effective from the date of final judgment, with back pay retroactive to September 21, 2004, at a salary level equivalent, with all fringe benefits and other rights, including seniority rights to which she would have been entitled had she not been the victim of sexual harassment and retaliation, and if reinstatement is not feasible, that HealthSouth compensate Ms. Johnson in an amount comparable to the restoration described above;

c. An award of front pay;

d. An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

e. An award of punitive damages;

f. An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

g. Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT IV - ASSAULT & BATTERY
### (DEFENDANTS HEALTHSOUTH AND DEFENDANT NICHOLLS)

26. Plaintiff incorporates by reference paragraphs one through twenty-five as if fully set forth herein and further alleges the following.

27. Nicholls, while acting in his supervisory capacity as Director of Food Services for HealthSouth, verbally and physically assaulted and battered Ms. Johnson by making lewd sexual comments and suggestions to her and by touching and/or grabbing her body, without her consent and despite her pleas to him to stop such conduct.

28. Such conduct constitutes an actionable assault and battery and caused Ms. Johnson to suffer extreme embarrassment, shame and mental and emotional anguish.

WHEREFORE, premises considered, Ms. Johnson demands judgment against Defendants for all compensatory and punitive damages recoverable at law in an amount to be determined by a jury, plus interest and costs.

## COUNT V - INVASION OF PRIVACY
### (DEFENDANTS HEALTHSOUTH AND DEFENDANT NICHOLLS)

29. Plaintiff incorporates by reference paragraphs one through twenty-eight as if fully set forth herein and further alleges the following.

30. Nicholls, while acting in his capacity as a supervisor for HealthSouth, wrongfully and intentionally invaded Ms. Johnson's privacy, physical solitude and/or seclusion. As such, the Defendants caused Ms. Johnson to suffer severe anxiety and emotional distress.

31. Such conduct constitute an actionable invasion of Ms. Johnson's right to privacy.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendants for all compensatory and punitive damages recoverable at law in an amount to be determined by a jury, plus interest and costs.

Respectfully Submitted this the 23rd day of August, 2006.

KANESHA JOHNSON,
Plaintiff,

By: /s/ Elizabeth Brannen Carter
Elizabeth Brannen Carter [3272-C-38-E]
Jayne Harrell Williams [6544-Y-85H]
HILL, HILL, CARTER,
FRANCO, COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600
(334) 832-7419 - fax
E-mail: ecarter@hillhillcarter.com
E-mail: jhwilliams@hillhillcarter.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this date electronically filed the foregoing *Amended Complaint* as an attachment to *Plaintiff's Motion to Amend Complaint* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, using the CM/ECF system which will send notification of such filing to, Emily J. Burkhardt, Esquire (Eburkhardt@hunton.com), L. Traywick Duffie, Esquire (Tduffie@hunton.com), Roger G. Gustafson, Esquire (Rgustafson@hunton.com), C. Nelson Gill, Esquire (Ngill@copelandfranco.com) and Jay Lewis, Esquire (J-Lewis@JayLewisLaw.com) this the 23rd day of August, 2006.

    /s/    Elizabeth Brannen Carter
OF COUNSEL