IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KANESHA JOHNSON, | * | |
|    Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No. 2:06-CV-143-WKW |
| | * | |
| HEALTHSOUTH REHABILITATION and | * | |
| JORGE NICHOLLS, | * | |
|    Defendants. | * | |

**AMENDED ANSWER OF DEFENDANT JORGE NICHOLLS
TO AMENDED COMPLAINT**

COMES NOW Defendant Jorge Nicholls, in the above-styled action, and would answer the Amended Complaint of Plaintiff by reference to the paragraph numbers of the Complaint as follows:

1. Defendant admits that this action is brought pursuant to the recited statutes, but deny all other allegations of this paragraph.

2. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph; to the extent that a response is required, Defendant denies the allegations of this paragraph and demands strict proof thereof.

3. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph; to the extent that a response is required, Defendant denies the allegations of this paragraph and demands strict proof thereof.

4. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph; to the extent that a response is required, Defendant denies the allegations of this paragraph and demands strict proof thereof.

5.  Defendant admits the allegations of this paragraph.

6.  Defendant admits the allegations of this paragraph.

7.  Defendant denies the allegations of this paragraph and demands strict proof thereof.

8.  Defendant admits that the plaintiff was an employee of the corporate defendant and that he was the plaintiff's immediate supervisor, but denies all other allegations of this paragraph.

9.  Defendant denies the allegations of this paragraph and demands strict proof thereof.

10. Defendant denies the allegations of this paragraph and demands strict proof thereof.

11. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph; to the extent that a response is required, Defendant denies the allegations of this paragraph and demands strict proof thereof.

12. Defendant denies that he "tried to pressure [the plaintiff] into retracting her complaints against him." Defendant is without sufficient knowledge to admit or deny the remaining allegations of this paragraph; to the extent that a response is required, Defendant denies the allegations of this paragraph and demands strict proof thereof.

13. Defendant denies the allegations of this paragraph and demands strict proof thereof.

14. Defendant denies the allegations of this paragraph and demands strict proof thereof.

15. Defendant denies the allegations of this paragraph and demands strict proof thereof.

16. Defendant denies the allegations of this paragraph and demands strict proof thereof.

17. Defendant denies the allegations of this paragraph and demands strict proof thereof.

18. This paragraph, repeating denied allegations, requires no response.

19. Defendant denies the allegations of this paragraph and demands strict proof thereof.

20. Defendant admits that he acted as an agent of HealthSouth, but Defendant denies the remaining allegations of this paragraph and demands strict proof thereof.

21. This paragraph, repeating denied allegations, requires no response.

22. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph; to the extent that a response is required, Defendant denies the allegations of this paragraph and demands strict proof thereof.

23. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph; to the extent that a response is required, Defendant denies the allegations of this paragraph and demands strict proof thereof.

24. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph; to the extent that a response is required, Defendant denies the allegations of this paragraph and demands strict proof thereof.

25. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph; to the extent that a response is required, Defendant denies the allegations of this paragraph and demands strict proof thereof.

26. Defendant incorporates his previous responses in response to this paragraph.

27. Defendant denies the allegations of this paragraph and demands strict proof thereof.

28. Defendant denies the allegations of this paragraph and demands strict proof thereof.

29. Defendant incorporates his previous responses in response to this paragraph.

30. Defendant denies the allegations of this paragraph and demands strict proof thereof.

31. Defendant denies the allegations of this paragraph and demands strict proof thereof.

32. Defendant avers that the plaintiff is not entitled to any of the relief requested in each and

every one of her *ad damnum* prayers.

## ADDITIONAL DEFENSES

33. The complaint, and alternatively, portions thereof, fails to state a claim upon which relief can be granted and any and all claims against defendant are due to be dismissed.

34. Except to the extent admitted herein, the allegations of the Complaint are denied.

35. Defendant is not guilty of the matters or things set forth in the complaint.

36. No act or omission of Defendant proximately caused the injury or damages alleged by the plaintiff in her complaint. There is no causal connection between the allegations against Defendant and the injuries and damages alleged in the plaintiff's complaint.

37. The plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, and the applicable statute of limitations.

38. No action is maintainable by the plaintiff under the Civil Rights Act of 1964 unless and until the plaintiff establishes that she has fulfilled the prerequisites for the institution and maintenance of an action under the said statutes. This action is not maintainable under Title VII with respect to any event or alleged event occurring more than 180 days prior to the filing of the Equal Employment Opportunity Commission charge upon which this action is based. Any and all claims and allegations not asserted and encompassed within a timely filed EEOC charge against Defendants are not maintainable.

39. All actions taken by Defendant were based on reasonable, legitimate, nondiscriminatory, non-harassing, non-retaliatory reasons and motives.

40. Any action taken with respect to the plaintiff's employment would have been taken even in the absence of discrimination, harassment, or retaliation.

41. Defendant denies committing any unlawful employment practices of any nature whatsoever against the plaintiff. Specifically, this Defendant denies any discriminatory, harassing, or retaliatory conduct toward the plaintiff.

42. The claims of the plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a fixed maximum amount, on the amount of punitive damages a jury may impose, and thus would violate Defendant's rights to due process guaranteed by the Fourteenth Amendment to the Constitution of the United States and by the due process provisions of the Alabama Constitution.

43. The claims of the plaintiff for punitive damages cannot be sustained because an award of punitive damages would be violative of the Eighth Amendment, the Fifth Amendment, and the Sixth Amendment to the Constitution of the United States.

44. The plaintiff failed to exhaust her administrative remedies.

45. The plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by the defendant, or to otherwise avoid harm.

46. The plaintiff has failed to mitigate her damages.

47. Defendants assert the plaintiff can not produce any comparator evidence.

48. Defendant did not breach any legal duty to the plaintiff and the plaintiff's alleged claims are barred for this reason, among others.

49. Plaintiff has not or may not have fulfilled the conditions precedent to the institution of this action.

RESPECTFULLY SUBMITTED, this the __6th___ day of September, 2006.

/s/ JAY LEWIS
Jay Lewis
LAW OFFICE OF JAY LEWIS, L.L.C.
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J
Co-counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the __6th__ day of September, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such following to the following:

Elizabeth B. Carter
L. Traywick Duffie
Emily J. Burkhardt
Roger G. Gustafson
Charles Nelson Gill
Jayne Leslie Harrell

/s/ JAY LEWIS
Jay Lewis
LAW OFFICE OF JAY LEWIS, L.L.C.
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J
Co-counsel for Plaintiff