IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KANESHA JOHNSON | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | FILE NO. 2:06cv143-WKW |
| | ) | |
| HEALTHSOUTH CORPORATION, | ) | |
| HEALTHSOUTH OF MONTGOMERY, | ) | |
| INC., and JORGE NICHOLS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**HEALTHSOUTH CORPORATION'S AND HEALTHSOUTH OF MONTGOMERY, INC.'S JOINT ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

COME NOW, Defendants HealthSouth Corporation and HealthSouth of Montgomery, Inc. (collectively, "Defendants") and respond to the Amended Complaint of Kanesha Johnson ("Plaintiff"), as follows:

**AFFIRMATIVE AND OTHER DEFENSES**

Defendants hereby state the following affirmative and additional defenses to Plaintiff's Amended Complaint as follows, but do not assume the burden of proof on any defenses except as required by applicable law with respect to the particular defense asserted. Defendants further reserve the right to assert other affirmative and additional defenses and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

**FIRST DEFENSE**

Some or all of the allegations in the Amended Complaint fail to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Some or all of Plaintiff's claims are barred because Defendants' treatment of Plaintiff was at all times based only upon reasonable, legitimate, and non-discriminatory factors.

**THIRD DEFENSE**

Some or all of Plaintiff's claims are barred, in whole or in part, because Defendants' actions were privileged or justified by legitimate business reasons.

**FOURTH DEFENSE**

Some or all of Plaintiff's claims are barred, in whole or in part, because Defendants' treatment of Plaintiff was at all times based on factors other than Plaintiff's sex or any protected activity.

**FIFTH DEFENSE**

Some or all of Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any tangible adverse employment action.

**SIXTH DEFENSE**

Some or all of Plaintiff's claims are barred, in whole or in part, because no causal connection exists between any alleged tangible adverse employment action and any of the alleged conduct claimed to be sexual harassment.

**SEVENTH DEFENSE**

Some or all of Plaintiff's claims are barred, in whole or in part, because, to the extent Plaintiff experienced an alleged tangible adverse employment action, <u>which Defendants deny</u>, the employee(s) responsible for the alleged conduct claimed to be sexual harassment had no material influence over the decision making process resulting in any alleged tangible adverse employment action.

**EIGHTH DEFENSE**

Some or all of Plaintiff's claims are barred, in whole or in part, and/or Plaintiff is not entitled to some or all of the relief requested in the Amended Complaint, to the extent the alleged conduct was not unwelcome by Plaintiff, to the extent Plaintiff consented to the alleged conduct claimed to be sexual harassment or to the extent Plaintiff was not actually offended by the alleged conduct.

**NINTH DEFENSE**

Some or all of Plaintiff's claims are barred, in whole or in part, and/or Plaintiff is not entitled to some or all of the relief requested in the Amended Complaint, to the extent the alleged conduct was not severe, pervasive, or outrageous and to the extent the alleged conduct did not unreasonably interfere with Plaintiff's work performance.

**TENTH DEFENSE**

Plaintiff is not entitled to some or all of the relief requested in the Amended Complaint because, even if any unlawful discrimination, retaliation or harassment occurred, which Defendants deny, such conduct was prohibited by Defendants' policies and was not committed, countenanced, ratified, or approved by higher management in Defendants' corporate structure, nor was it within the actual or constructive knowledge of higher management in Defendants' corporate structure.

**ELEVENTH DEFENSE**

Plaintiff is not entitled to some or all of the relief requested in the Amended Complaint because, even if any unlawful discrimination, retaliation or harassment occurred, which Defendants deny, Defendants cannot be held vicariously liable for alleged discrimination, harassment, or other misconduct which is contrary to Defendants' express policies, procedures, and good faith efforts to comply with applicable laws.

**TWELFTH DEFENSE**

The relief sought by Plaintiff is barred in whole or in part because Defendants took no action with malice, bad faith, or with reckless indifference or disregard for any protected rights of Plaintiff.

**THIRTEENTH DEFENSE**

Plaintiff's claims for damages are limited in whole or in part by statute.

**FOURTEENTH DEFENSE**

Plaintiff's claims for damages are barred in whole or in part to the extent Plaintiff has failed to mitigate her alleged damages, her entitlement to which is expressly denied.

**FIFTEENTH DEFENSE**

Plaintiff is not entitled to attorneys' fees, costs or expenses.

**SIXTEENTH DEFENSE**

All claims brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII") that were not included in a Charge filed with the Equal Employment Opportunity Commission ("EEOC") and/or that were not investigated by the EEOC are barred because of the failure to satisfy the statutory prerequisites or because of a lack of subject matter jurisdiction.

**SEVENTEENTH DEFENSE**

All claims brought pursuant to Title VII with respect to acts or events occurring, or with respect to which Plaintiff was notified and/or aware of, prior to 180 days before the filing of Plaintiff's Charge with the EEOC are barred by the applicable statute of limitations and/or failure to satisfy the statutory prerequisites.

### EIGHTEENTH DEFENSE

Some or all of Plaintiff's claims are barred to the extent Plaintiff failed to exhaust her administrative remedies and/or to allow the EEOC an adequate opportunity to investigate.

### NINETEENTH DEFENSE

Plaintiff is not entitled to some or all of the relief requested in her Amended Complaint because, even if Defendants were found to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, <u>which Defendants deny</u>, Defendants would have taken the same action with regard to Plaintiff's employment regardless of any impermissible factors.

### TWENTIETH DEFENSE

Even if any alleged harassment, discrimination or retaliation occurred, <u>which Defendants deny</u>, some or all of Plaintiff's claims are barred because Defendants maintained, disseminated and enforced a clear policy against harassment establishing reasonable and effective means of reporting and seeking relief from alleged inappropriate conduct, Defendants acted in accordance with this policy at all times, and Plaintiff unreasonably failed to follow those policies.

### TWENTY-FIRST DEFENSE

Plaintiff's Amended Complaint is barred, in whole or in part, because Plaintiff failed to raise a timely internal complaint concerning some or all of the sexual harassment claims contained in her Amended Complaint.

### TWENTY-SECOND DEFENSE

To the extent Plaintiff's Amended Complaint may include claims of negligence on the part of Defendants, such claims are barred in whole or in part by the doctrine of assumption of risk.

### TWENTY-THIRD DEFENSE

To the extent Plaintiff's Amended Complaint may include claims of negligence on the part of Defendants, such claims are barred in whole or in part by the doctrine of contributory or comparative negligence.

### TWENTY-FOURTH DEFENSE

Some or all of Plaintiff's claims are barred, because even if Defendants breached any duties owed to Plaintiff, <u>which Defendants deny</u>, Plaintiff suffered no injury proximately caused by the alleged breach.

### TWENTY-FIFTH DEFENSE

Plaintiff's Amended Complaint fails to state a claim against Defendants because Defendants' actions were neither outrageous nor extreme.

### TWENTY-SIXTH DEFENSE

Even if any alleged harassment, discrimination or retaliation occurred, <u>which Defendants deny</u>, some or all of Plaintiff's claims are barred to the extent Plaintiff failed to put Defendants on notice of the alleged misconduct in a timely manner, failed to take advantage of preventative or corrective opportunities provided by Defendants, and/or failed to provide Defendants a reasonable opportunity to stop or correct the alleged misconduct and/or to remedy the alleged harm.

### TWENTY-SEVENTH DEFENSE

Some or all of Plaintiff's claims are barred because, to the extent Plaintiff reported any alleged harassment, discrimination, or retaliation, Defendants promptly investigated, took prompt and appropriate remedial action, and otherwise acted reasonably to end or prevent any inappropriate conduct.

## TWENTY-EIGHTH DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, and/or Plaintiff is not entitled to some or all of the relief requested in the Amended Complaint because Plaintiff was not injured in the manner or to the extent alleged.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because the alleged wrongful acts of Defendants' employee(s) were outside the course and scope of employment of such employee(s), were not in furtherance of Defendants' business, and were contrary to Defendants' good faith efforts to comply with all applicable laws.

## THIRTIETH DEFENSE

Plaintiff's claims are barred in whole or in part because Defendants neither participated in, authorized, nor ratified the alleged wrongful acts of Defendants' employee(s).

## THIRTY-FIRST DEFENSE

To the extent the Amended Complaint may include claims of negligence or other tortious conduct on the part of Defendants resulting in injury to Plaintiff, such claims may be barred in whole or in part by the exclusive remedy provision of the state workers' compensation law.

## THIRTY-SECOND DEFENSE

Plaintiff's claims are barred because Defendants have committed no act or omission with the intent to cause harm, injury, or other damage to Plaintiff.

## THIRTY-THIRD DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrines of waiver, estoppel, laches and/or release, and/or the doctrines of collateral estoppel and/or res judicata.

## THIRTY-FOURTH DEFENSE

Plaintiff's claims may be barred in whole or in part by her own misconduct.

### THIRTY-FIFTH DEFENSE

Some or all of Plaintiff's purported claims are barred because of insufficient service of process.

### THIRTY-SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part under the doctrine of election of remedies.

### THIRTY-SEVENTH DEFENSE

Some or all of the purported claims stated in the Amended Complaint are barred by the applicable statute of limitations.

### THIRTY-EIGHTH DEFENSE

Plaintiff may not be awarded punitive or exemplary damages that bear no reasonable relation to the nature or scope of any challenged decisions actually shown to have been made for impermissible reasons or any injuries actually shown to have been incurred by Plaintiff.

### THIRTY-NINTH DEFENSE

An excessive award of punitive damages would be a violation of Defendants' rights under the Constitution of the United States and/or the Constitution of the State of Alabama and/or other applicable state constitutions.

### FORTIETH DEFENSE

Some or all of Plaintiff's claims may be barred, in whole or in part, and/or Plaintiff may not be entitled to some or all of the relief requested in the Amended Complaint under the doctrine of after-acquired evidence.

### FORTY-FIRST DEFENSE

HealthSouth Corporation is not a proper party to this action because HealthSouth Corporation was not Plaintiff's employer.

## RESPONSE TO SPECIFIC PARAGRAPHS OF PLAINTIFF'S AMENDED COMPLAINT

Defendants respond to the individual Paragraphs of Plaintiff's Amended Complaint as follows:

1.

The Plaintiff, Kanesha Johnson, files this Amended Complaint and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331, 2201 and 2202 as an action arising under the Act of Congress known as *Title VII of the Civil Rights Act of 1964*, as amended, and the *Civil Rights Act of 1991*, to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and an award of back pay and other damages suffered by Ms. Johnson due to the Defendants' discrimination against Ms. Johnson in her employment due to her female sex and its retaliation against her. This Court is asked to exercise pendent jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:** The allegations of Paragraph 1 of Plaintiff's Amended Complaint regarding jurisdiction call for a legal conclusion to which no response is required. Defendants deny any remaining allegations in Paragraph 1 of Plaintiff's Amended Complaint.

2.

Ms. Johnson avers that she has pursued and exhausted her administrative remedies. In particular, Mr. Johnson filed a charge of sex discrimination, sexual harassment and retaliation with the EEOC's Birmingham Office on October 14, 2004. A right-to-sue letter was issued on or about November 21, 2005. The initial Complaint was timely filed on February 16, 2006.

**ANSWER**: Upon information and belief, Defendants admit that Plaintiff filed a Charge with the EEOC, and that the Charge appears to be dated October 12, 2004. Defendants further state that the Charge is a document that speaks for itself. Defendants also admit that the EEOC issued a Notice of Right to Sue letter relating to such Charge that appears to be dated November 21, 2005. Defendants also admit that Plaintiff's initial Complaint appears to be date-stamped by the Court as having been filed on February 16, 2006. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

3.

Venue is proper in the Middle District of Alabama, since the cause of action arose in Montgomery County, in the Middle District of Alabama and the Defendants HealthSouth Corporation and HealthSouth of Montgomery, Inc. (hereinafter collectively referred to as ("HealthSouth") were doing business in Montgomery, Alabama during the time period made the subject matter of this Complaint.

**ANSWER**:  The allegations contained in Paragraph 3 of Plaintiff's Amended Complaint regarding venue call for a legal conclusion to which no response is required.  Defendants admit that they conduct business in the State of Alabama.  Defendants deny any remaining allegations in Paragraph 3 of Plaintiff's Amended Complaint.

4.

The named Plaintiff, Kanesha Johnson, is a citizen of the United States and a resident of Montgomery County, Alabama.  She is over the age of nineteen years.  She was an employee of HealthSouth during the period made the subject of this Complaint.  She was employed in the Food Services Division of HealthSouth Rehabilitation Hospital of Montgomery (hereinafter "the Hospital"), a HealthSouth facility in Montgomery, Alabama.

**ANSWER:**  Upon information and belief, Defendants admit that Plaintiff is a citizen of the United States and a resident of Montgomery County, Alabama, and that she is over the age of nineteen.  Defendants further admit that Plaintiff was employed in the Food Services Department of HealthSouth of Montgomery, Inc. between March 29, 2004 and October 5, 2004.  Except as expressly admitted herein, Defendants deny the remaining allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

5.

HealthSouth is doing business in Montgomery County, Alabama and has sufficient contacts with the State of Alabama to warrant this Court's exercise of personal jurisdiction over it.

**ANSWER**:  The allegations in Paragraph 5 of Plaintiff's Amended Complaint regarding personal jurisdiction call for a legal conclusion to which no response is required.  Defendants

admit that they conduct business in the State of Alabama. Defendants deny any remaining allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

6.

Defendant Jorge Nicholls (hereinafter referred to as "Nicholls") was employed as the Director of Food Services at the Hospital, and at all times relevant hereto, was acting within the line and scope of his authority.

**ANSWER**: Defendants admit that Defendant Jorge Nicholls was employed as the Director of Food Services by HealthSouth of Montgomery, Inc., but deny any remaining allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7.

Plaintiff was subjected on an ongoing basis to a sexually harassing and hostile work environment by Nicholls, who was her immediate supervisor at the Hospital. Said harassment included, but was not limited to, crude comments of a sexual nature, negative comments related to sex, sexually crude behavior and physical sexual harassment. HealthSouth knew or should have know [sic] of the sexually hostile and harassing work environment, but allowed same to continue.

**ANSWER:** Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.

8.

In March, 2004, Ms. Johnson began working at the Hospital as a food service worker in the cafeteria. Beginning in April 2004, Ms. Johnson was subjected to repeated and unwelcome sexual harassment by Nicholls, her immediate supervisor and the highest level person in her department.

**ANSWER**: Defendants admit that Plaintiff was previously employed by HealthSouth of Montgomery, Inc. as a Food Service Aid in the Food Services Department beginning on March 29, 2004. Defendants deny the remaining allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.

9.

Ms. Johnson avers that Nicholls engaged in a pattern and practice of sex discrimination and sexual harassment to which she, along with other females, were subjected, which created a hostile work environment for female employees. Ms. Johnson was subjected to unwelcome sexual advances and overtures, which affected the terms and conditions of her employment. Additionally, Nicholls repeatedly promised Ms. Johnson a full time office position if she would submit to his advances.

**ANSWER**: Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

10.

Given the continuous and on-going sexually harassing and hostile work environment to which she was being subjected, Ms. Johnson felt she had no choice but to complain to the Human Resources Department.

**ANSWER**: Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

11.

On September 20, 2004, Ms. Johnson complained about the sexual harassment to HealthSouth's Human Resources Director, Keri Curtis. Ms. Curtis responded in a manner that was threatening, humiliating and hostile to Ms. Johnson. Ms. Curtis acted as if she did not believe Ms. Johnson and called her a "liar." Among other things, Ms. Curtis told Ms. Johnson that if HealthSouth found out that Ms. Johnson was lying about her allegations, the company could bring legal action against Ms. Johnson.

**ANSWER**: Defendants admit that, on or about September 20, 2004, after voluntarily resigning her employment, Plaintiff told HealthSouth of Montgomery, Inc.'s Human Resources Director, Keri Curtis, that Defendant Jorge Nicholls had acted inappropriately toward Plaintiff in the past. Defendants deny all remaining allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12.

The following day on September 21, 2004, Nicholls called Ms. Johnson into his office and tried to pressure her into retracting her complaints against him. Ms. Johnson refused. Later that day, Ms. Johnson was forced to meet with Ms. Curtis and retell her complaints against

Nicholls, in Nicholls' presence. Again, Ms. Curtis yelled at Ms. Johnson, called her a "liar" and told Ms. Johnson that she did not believe her. Later that same day, Ms. Johnson was called back to Ms. Curtis' office, ordered to hand over her badge, clear out her personal belongings and leave the premises. These actions constituted a termination of employment.

**ANSWER**: Defendants admit that Plaintiff, Defendant Jorge Nicholls and Ms. Curtis met on or about September 21, 2004, to discuss Plaintiff's allegations. Defendants deny all remaining allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

## COUNT I

13.

Plaintiff repeats, realleges and incorporates by reference paragraphs one through twelve above, the same as if fully set forth herein, and further alleges that the Defendants' actions towards her have violated her right to be free of sexual harassment and sex discrimination in employment, in violation of *Title VII of the Civil Rights Act of 1964, as amended,* and the *Civil Rights Act if 1991.*

**ANSWER**: Defendants incorporate by reference their responses to Paragraphs 1 through 12 of Plaintiff's Amended Complaint as if fully set forth herein and further deny the remaining allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

14.

As a proximate cause of Defendants' afore-described actions, Ms. Johnson has been injured and damaged. In addition, Ms. Johnson has suffered mental and emotional anguish as a result of the above-referenced sexually harassing and hostile work environment to which she was subjected.

**ANSWER**: Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15.

Ms. Johnson avers that she was subjected to crude comments of a sexual nature, negative comments related to sex, sexually crude behavior and physical sexual harassment by her supervisor Nicholls on an ongoing and persistent basis. She further avers that the sexual harassment was so extreme that it altered the conditions of her employment and created an abusive and sexually hostile working environment in violation of *Title VII of the Civil Rights Act of 1964, as amended,* and the *Civil Rights Act of 1991.*

**ANSWER**: Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16.

Nicholls' behavior was so persistent and ongoing that HealthSouth knew or should have known of Nicholls' behavior and failed to take appropriate action against him.

**ANSWER**: Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint.

17.

As a proximate result of the Defendants' actions, the Plaintiff has been injured and damaged as set forth in paragraphs one through sixteen above.

**ANSWER**: Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

## COUNT II

18.

Plaintiff repeats, realleges and incorporates by reference paragraphs one through seventeen above, the same as if more fully set forth herein.

**ANSWER**: Defendants incorporate by reference their responses to Paragraphs 1 through 17 of Plaintiff's Amended Complaint as if fully set forth herein, and deny any remaining allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

19.

Nicholls' promise to secure Ms. Johnson a full time office position if she would submit to his advances constitute *quid pro quo* sexual harassment.

**ANSWER**: Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.

20.

At all times, Nicholls was acting as an agent of and in the scope of his employment with HealthSouth in violation of *Title VII of the Civil Rights Act of 1964, as amended,* and the *Civil Rights Act of 1991.*

**ANSWER**:  Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

## COUNT III

21.

Plaintiff repeats, realleges and incorporates by reference paragraphs one through twenty above, the same as if more fully set out herein.

**ANSWER**:  Defendants incorporate by reference their responses to Paragraphs 1 through 20 of Plaintiff's Amended Complaint as if fully set forth herein, and deny any remaining allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

22.

Ms. Johnson further alleges that HealthSouth's actions towards her have violated her right to be free of retaliation in employment in violation of *Title VII of the Civil Rights Act of 1964, as amended,* and the *Civil Rights Act of 1991.*

**ANSWER**:  Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23.

Upon reporting Nicholls' harassment to Keri Curtis, Ms. Curtis reacted in a hostile, threatening and humiliating manner towards Ms. Johnson.  These acts included but were not limited to Ms. Curtis yelling at Ms. Johnson, repeatedly calling her a "liar", threatening legal action against her, forcing Ms. Johnson to repeat her allegations in Nicholls' presence and subsequently forcing Ms. Johnson to surrender her job and leave the premises.

**ANSWER**:  Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

24.

Ms. Johnson has been damaged and injured by HealthSouth's wrongful retaliation and discrimination, in that she has lost income and has suffered severe mental and emotional anguish for which she seeks compensatory damages.

**ANSWER**:   Defendants deny that Plaintiff is entitled to any damages and further deny any remaining allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25.

Ms. Johnson also avers that, given the egregious, wanton, and willful circumstances of this retaliation, an award of punitive damages is appropriate.

**ANSWER**:   Defendants deny that Plaintiff is entitled to any damages and further deny any remaining allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

## PRAYER FOR RELIEF FOR COUNTS I, II AND III

WHEREFORE, PREMISES CONSIDERED, Ms. Johnson respectfully prays that this Court grant the following relief:

(a)   A judgment declaring that Ms. Johnson was harassed by Defendants due to her female sex;

(b)   An injunction requiring that HealthSouth reinstate Ms. Johnson into a position at HealthSouth Rehabilitation effective from the date of final judgment, with back pay retroactive to September 21, 2004, at a salary level equivalent, with all fringe benefits and other rights, including seniority rights to which she would have been entitled had she not been the victim of sexual harassment and retaliation, and if reinstatement is not feasible, that HealthSouth compensate Ms. Johnson in an amount comparable to the restoration described above;

(c)   An award of front pay;

(d)   An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

(e)   An award of punitive damages;

(f)   An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

(g)   Such further, other and different relief as the Court may deem appropriate and necessary.

**ANSWER**:   Defendants deny that Plaintiff is entitled to any of the remedies set forth in the unnumbered paragraph titled Prayer for Relief for Counts I, II, and III immediately following Paragraph 25 of Plaintiff's Amended Complaint, including subparts (a) through (g), or any other relief whatsoever.  Defendants deny any remaining allegations contained in the unnumbered paragraph titled Prayer for Relief for Counts I, II, and III of Plaintiff's Amended Complaint.

### COUNT IV

26.

Plaintiff Johnson incorporates by reference paragraphs one through twenty-five as if fully set forth herein and further alleges the following.

**ANSWER**:  Defendants incorporate by reference their responses to Paragraphs 1 through 25 of Plaintiff's Amended Complaint as if fully set forth herein, and deny any remaining allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27.

Nicholls, while acting in his supervisory capacity as Director of Food Services for HealthSouth, verbally and physically assaulted and battered Ms. Johnson by making lewd sexual comments and suggestions to her and by touching and/or grabbing her body, without her consent and despite her pleas to him to stop such conduct.

**ANSWER**:  Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

28.

Such conduct constitutes an actionable assault and battery and caused Ms. Johnson to suffer extreme embarrassment, shame and mental and emotional anguish.

**ANSWER**:  Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

WHEREFORE, premises considered, Ms. Johnson demands judgment against Defendants for all compensatory and punitive damages recoverable at law in an amount to be determined by a jury, plus interest and costs.

**ANSWER**: Defendants deny that Plaintiff is entitled to any judgment or damages and further deny any remaining allegations in the unnumbered "WHEREFORE" Paragraph following Paragraph 28 of Plaintiff's Amended Complaint.

## COUNT V

29.

Plaintiff incorporates by reference paragraphs one through twenty-eight as if fully set forth herein, and further alleges the following.

**ANSWER**: Defendants incorporate by reference their responses to Paragraphs 1 through 28 of Plaintiff's Amended Complaint as if fully set forth herein, and deny any remaining allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30.

Nicholls, while acting in his capacity as a supervisor for HealthSouth, wrongfully and intentionally invaded Ms. Johnson's privacy, physical solitude and/or seclusion. As such, the Defendants caused Ms. Johnson to suffer severe anxiety and emotional distress.

**ANSWER**: Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31.

Such conduct constitute [sic] an actionable invasion of Ms. Johnson's right to privacy.

**ANSWER**: Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendants for all compensatory and punitive damages recoverable at law in an amount to be determined by a jury, plus interest and costs.

**ANSWER**: Defendants deny that Plaintiff is entitled to any judgment or damages and further deny any remaining allegations contained in the unnumbered "WHEREFORE" Paragraph following Paragraph 31 of Plaintiff's Amended Complaint.

## GENERAL DENIAL

To the extent that any Paragraph of this Amended Complaint or portion thereof has not been expressly admitted, denied, or otherwise properly responded to, it is hereby expressly denied.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully answered Plaintiff's Amended Complaint, Defendants respectfully request that (1) final judgment be entered in their favor; (2) the Court dismiss the Amended Complaint with prejudice; (3) costs (including attorneys' fees) be assessed against Plaintiff and awarded to Defendants; and (4) the Court award Defendants such other and further relief as it deems just and proper.

Respectfully submitted, this 11th day of September, 2006.

HUNTON & WILLIAMS LLP
By: s/ Roger G. Gustafson
   L. Traywick Duffie
   Emily J. Burkhardt
   Roger G. Gustafson
Admitted *Pro Hac Vice*
Bank of America Plaza, Suite 4100
600 Peachtree Street, N.E.
Atlanta, GA  30308-2216
TELEPHONE:  (404) 888-4000
FACSIMILE:   (404) 888-4190

COPELAND FRANCO SCREWS & GILL, PA
By:  s/Nelson Gill
444 S. Perry Street
Montgomery, AL 36104-4236
(334) 834-1180
**ATTORNEYS FOR DEFENDANTS HEALTHSOUTH CORPORATION AND HEALTHSOUTH OF MONTGOMERY, INC.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KANESHA JOHNSON ) | |
| ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | FILE NO. 2:06cv143-WKW |
| ) | |
| HEALTHSOUTH CORPORATION, ) | |
| HEALTHSOUTH OF MONTGOMERY, ) | |
| INC., and JORGE NICHOLS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of September, 2006, the foregoing **HEALTHSOUTH CORPORATION'S AND HEALTHSOUTH OF MONTGOMERY, INC.'S JOINT ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** was electronically filed using this Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF system:

Elizabeth Brannen Carter, Esq.
ecarter@hillhillcarter.com
Jayne Harrell Williams
jharrell@hillhillcarter.com

Jay Lewis, Esq.
j-lewis@jaylewislaw.com
Carol Robin Gerard
carolgerard@jaylewislaw.com

                        s/ Roger G. Gustafson
                        Counsel for Defendants HealthSouth Corporation
                        and HealthSouth of Montgomery, Inc.